

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROLINE BRODIE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COLUMBIA SUSSEX MANAGEMENT, LLC, and COLUMBIA SUSSEX CORPORATION,<br><br>Defendants. | Case No. 18-CV-1953<br><br>**CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>FILED<br>MAY 09 2018<br>KATE BARKMAN, Clerk<br>By JL Dep. Clerk |

Plaintiff Caroline Brodie ("Plaintiff"), on behalf of herself and the proposed class (defined below), brings this action against Columbia Sussex Management, LLC, and Columbia Sussex Corporation ("Defendants"):

## INTRODUCTION

1. For more than 25 years, the Americans with Disabilities Act ("ADA") has required that individuals with disabilities be provided full and equal access to the goods, services and facilities provided by hotel owners and operators.

2. This mandate requires hotel businesses to provide individuals with disabilities accessible transportation services.

3. Defendants collectively own and/or operate various hotels throughout the United States, and, as part of those operations, provides hotel customers transportation services.

1

4. Because of their inadequate corporate policy, Defendants have failed to make transportation services fully accessible to individuals with disabilities, thereby denying those individuals the same benefits and privileges afforded to guests without disabilities.

5. Plaintiff accordingly seeks declaratory and injunctive relief establishing that Defendants have engaged in violations of the ADA, and requiring Defendants to comply with the ADA by providing individuals with disabilities accessible transportation services that are equivalent to the transportation services provided to nondisabled guests.

## JURISDICTION AND VENUE

6. The claims alleged arise under Title III such that this Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

7. Personal jurisdiction exists for Defendants because they own and/or operate multiple hotels located in Pennsylvania, including the Philadelphia Marriott West (the "Philadelphia Marriott").

8. Venue in the Eastern District of Pennsylvania is proper under 28 U.S.C. § 1391(b)(2) because this is the judicial district in which a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred.

## PARTIES

9. Plaintiff Caroline Brodie, at all times relevant hereto, is and was a resident of Montgomery County, Pennsylvania.

10. Plaintiff is a wheelchair user who is limited in the major life activity of walking.

11. As Plaintiff requires a wheelchair accessible vehicle in order to utilize transportation services offered by hotels, she has a personal interest in ensuring that hotels comply with federal requirements governing the provision of accessible transportation services.

12. Plaintiff is a tester in this litigation and a consumer who wishes to access Defendants' goods and services.

13. Defendants, Columbia Sussex Management LLC and Columbia Sussex Corporation, are organized under the laws of Kentucky with their principal place of business located at 740 Centre View Boulevard, Crestview Hills, Kentucky.

## FACTUAL ALLEGATIONS

14. Defendants manage and/or operate many hotels throughout the United States.

15. As part of these operations, Defendants provide their customers with transportation services, including, but not limited to, complimentary shuttle services.

16. Within the applicable limitations period, Plaintiff called the Philadelphia Marriott and was told by an agent of Defendants that the Philadelphia Marriott provides a complimentary shuttle service for guests.

17. Plaintiff was told that the complimentary shuttle service was not wheelchair accessible and was told that Defendants would not provide an alternative transportation service.

18. An investigation performed on Plaintiff's behalf confirmed the allegations made by Plaintiff above.

19. The investigation performed on behalf of Plaintiff further confirmed that, in addition to the Philadelphia Marriott, Defendants own and/or manage a substantial number of other hotels in the United States that offer transportation services to their guests, but do not offer equivalent transportation services to guests who use wheelchairs or scooters.

20. These hotels include, but are not limited to, the following locations:

    A. Boulders Resort, Golf and Spa, located in Carefree, AZ;

    B. Phoenix Airport Marriott, located in Phoenix, AZ;

  C. Hyatt Regency Denver Tech Center, located in Denver, CO;

  D. Hutchinson Island Marriott Beach Resort and Marina, located in Stuart, FL;

  E. Orlando Airport Marriott Lakeside, located in Orlando, FL;

  F. Tampa Marriott Westshore, located in Tampa, FL;

  G. Marriott Chicago O'Hare, located in Chicago, IL;

  H. East Lansing Marriott, located in East Lansing, MI;

  I. Minneapolis Airport Marriott, located in Bloomington, MN;

  J. Hilton Woodcliff Lake, located in Woodcliff, NJ;

  K. Marriott Park Ridge, located in Park Ridge, NJ;

  L. Saddle Brook Marriott, located in Saddle Brook, NJ;

  M. Albuquerque Marriott, located in Albuquerque, NM;

  N. Albany Marriott, located in Albany, NY; and

  O. Hilton Head Marriott Resort and Spa, located in Hilton Head Island, SC.

19. Defendants' policy and practice of refusing to offer individuals with disabilities equivalent transportation services is discriminatory and in violation of the ADA.

20. Though Plaintiff is serving as a tester in this case, she would like to stay at one or more of the properties managed by Defendants in the future and use the hotel's transportation services.

21. However, the lack of equivalent transportation services has deterred Plaintiff from staying at the Philadelphia Marriott or using its shuttle service.

22. Plaintiff has been, and in the absence of an injunction will continue to be, injured by Defendants' policy and practice of failing to provide equivalent transportation services to persons with disabilities.

## CLASS ALLEGATIONS

23. Plaintiff brings this action under Rule 23(a) and (b)(2) of the federal rules of civil procedure and on behalf of herself and the following class: "All individuals who use wheelchairs or scooters for mobility and who have been, or in the future will be, denied the full and equal enjoyment of transportation services offered to guests at hotels owned and/or operated by Defendants because of the lack of equivalent accessible transportation services at those hotels."

24. <u>Numerosity:</u> The class described above is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective class members through this class action will benefit both the parties and the Court, and will facilitate judicial economy.

25. <u>Typicality:</u> Plaintiff's claims are typical of the claims of the members of the class. The claims of Plaintiff and members of the class are based on the same legal theories and arise from the same unlawful conduct.

26. <u>Common Questions of Fact and Law:</u> There is a well-defined community of interest and common questions of fact and law affecting members of the class in that they all have been and/or are being denied their civil rights to full and equal access to, and use and enjoyment of, Defendants' goods, services and facilities due to the policies and practices described above.

27. <u>Adequacy of Representation:</u> Plaintiff is an adequate representative of the class because her interests do not conflict with the interests of the members of the class. Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the class and has no interests antagonistic to the members of the class. Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation, generally, and who possess specific expertise in the context of class litigation under the ADA.

28. Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the class as a whole.

## CAUSE OF ACTION
### Violations of 42 U.S.C. §§ 12181, *et seq.*

29. Plaintiff incorporates by reference each and every allegation herein.

30. Plaintiff brings this claim individually and on behalf of the class.

31. Plaintiff is an individual with a disability under the ADA. 42 U.S.C. § 12102(1)(A).

32. Defendants, hospitality businesses, are public accommodations under the ADA. 42 U.S.C. § 12181(7).

33. Title III of the ADA prohibits discrimination against individuals with disabilities in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation. 42 U.S.C. § 12182(a).

34. Defendants operates fixed route systems and demand responsive systems within the meaning of the ADA. 42 U.S.C. § 12181(3) and (4).

35. For fixed route systems, Defendants must meet the following requirements: a) for all purchases or leases after August 25, 1990, vehicles with a seating capacity over 16 passengers must be wheelchair-accessible; and b) for all purchases or leases after August 25, 1990, vehicles with a seating capacity of under 16 passengers must either be either wheelchair-accessible or equivalent service must be provided. 42 U.S.C. § 12182(B).

36. For demand responsive systems, Defendants must provide wheelchair-accessible vehicles or ensure that equivalent service is provided. 42 U.S.C. § 12182(C)

37. Defendants have engaged in illegal disability discrimination by, without limitation, failing to ensure that transportation vehicles in use at the hotels they own and/or manage are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, by failing to ensure that its hotels provide equivalent accessible transportation services to such individuals, and/or by failing to ensure that personnel are trained to proficiency with respect to the provision of accessible transportation services.

38. Moreover, by failing to provide accessible transportation, Defendants have engaged, directly, or through contractual, licensing, or other arrangements, in illegal disability discrimination, as defined by Title III, including without limitation:

a) denying individuals with mobility disabilities opportunities to participate in and benefit from the goods, services and facilities available at Defendants' hotels;

b) affording individuals with mobility disabilities unequal access to goods, services or facilities;

c) utilizing methods of administration that (i) have the effect of discriminating on the basis of disability; or (ii) perpetuating the discrimination of others who are subject to common administrative control; and

d) failing to make reasonable modifications in policies, practices, or procedures where necessary to afford services, privileges, advantages, or accommodations to individuals with mobility disabilities.

39. Defendants' ongoing and continuing violations of Title III have caused harm, and in the absence to an injunction will continue to cause harm, to the Plaintiff and the class.

40. Pursuant to 42 U.S.C. § 12188 and the remedies, procedures and rights set forth and incorporated therein, Plaintiff requests relief as set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgement as follows:

a.  A Declaratory Judgment that at the commencement of this action Defendants' were in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendants failed to take action reasonably calculated to ensure that Defendants' transportation services were fully accessible to, and independently usable by, individuals with mobility disabilities;

b.  A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.501 which direct Defendants to take all steps necessary to bring its transportation services into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that those transportation services are fully accessible to, and independently usable by, individuals with disabilities, and which further directs that the Court shall retain jurisdiction for a period to be determined to ensure that Defendants have adopted and are following an institutional policy that will in fact cause Defendants to remain fully in compliance with the law.

c.  An Order Certifying the proposed class, naming Plaintiff as the representative of the class, and designating counsel for Plaintiff as class counsel;

d.  Payment of costs and reasonable attorneys' fees as provided for by law; and

e.  Such other additional or alternative relief as the Court finds just and proper.

Dated: May 8, 2018

Respectfully submitted,

/s/ R Bruce Carlson
R. Bruce Carlson
bcarlson@carlsonlynch.com
Gary F. Lynch
glynch@carlsonlynch.com
Kelly K. Iverson

        kiverson@carlsonlynch.com
        CARLSON LYNCH SWEET KILPELA & CARPENTER, LLP
        1133 Penn Avenue, 5th Floor
        Pittsburgh PA, 15222
        (412) 322-9243